MARVIN, Judge,
concurring.
I concur in the result. The crucial question is when can the husband raise the alimony-fault issue. The better poliey, I believe, is to require that the husband raise this issue at least at or before the time the divorce is granted. This is what the husband attempted to do in Smith.
Otherwise, old fault wounds may be reopened, necessitating a review of the marital relationship at a time when the evidence is cold or suspect. If the husband is required to raise the issue at the time the divorce is granted and the wife later sues for alimony, then the only thing the court will have to look at will be the financial situation of the parties which exists when the amount of alimony is determined.
Smith held that it was error to refuse to allow the husband to show the wife’s fault to defeat her claims for alimony, even though he did not wish to contest her grounds for adultery divorce.
“During the trial, the defendant attempted to introduce evidence to prove the alleged fault on the part of his wife for the purpose of defeating her claim for alimony, even though he stated to the court that he did not wish to contest the divorce. The district judge sustained plaintiff’s objection to defendant’s evidence of the wife’s fault. The rationale of the judge’s ruling is that if the wife is granted a divorce on the grounds of adultery, the husband cannot contend she is guilty of fault barring alimony.” 216 So.2d at 392.
A decree of divorce in favor of one spouse is conclusive as to the fault of the other for alimony purposes, and if the alimony-fault issue is not raised in the divorce proceeding it should be too late to raise it afterward. That is my understanding of Thomason and Fulmer. Smith is not to the contrary.